# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY DAVIS,**

        **Plaintiff,**

**v.**                            **Civil Action No. 1:08cv183**
                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA**

        **Defendant.**

## <u>REPORT AND RECOMMENDATION</u>

In August of 2008, the plaintiff, Gregory Davis, a federal prisoner currently incarcerated at FCI

Gilmer, filed a complaint in the Circuit Court of Gilmer County, West Virginia.  In the complaint, the

plaintiff named E. Feltz, an employee of FCI Gilmer, as the defendant.  The complaint alleged that the

defendant committed an assault and battery against the plaintiff[1] on or about June 12, 2008.  The

complaint also alleged that the defendant intentionally and negligently inflicted emotional distress upon

the plaintiff.  As relief, the plaintiff sought compensatory damages in the amount of $300,000, punitive

damages in the amount of $300,000, as well as court costs, and reasonable attorney and paralegal fees.

On October 1, 2008, the United States Attorney for the Northern District of West Virginia filed a Notice

of Removal based upon the certification of the Attorney General that the defendant was acting within

the scope of his employment at the time of the incident.  On October 16, 2008, the defendant filed a

Motion to Dismiss, or in the Alternative, Motion for Summary Judgement.  On October 21, 2008, a

---

[1]The plaintiff claims that Feltz approached him on June 12, 2008, at the FCI Gilmer main line noon meal and inquired why he was wearing a glove on his right hand.  The plaintiff indicates that he told Feltz that had to do with a medical injury, and he was wearing the glove pursuant to medical staff orders.  The plaintiff alleges that Feltz than took his finger and repeatedly thrust it into his medically injured hand causing great pain and injury. (Doc. 1-2, p. 5)

Roseboro Notice was issued and on November 5, 2009, the plaintiff filed a Motion to Dismiss Pursuant to Rule 60(b)(3) Fraud Upon the Court. On October 21, 2008, an Order was entered referring this matter to the undersigned.

## I. <u>Standard of Review</u>

### A. <u>Motion to Dismiss</u>

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. <u>Walker v. True</u>, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 4506 (1957).

### B. <u>Summary Judgment</u>

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal</u>

Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## II. Analysis

Under the Westfall Act[2], the Attorney General or his designee may certify that a defendant who is a federal employee was acting within the scope of employment at the time of an alleged tort. 28 U.S.C. §2679(d)(2) (certification by Attorney General); 28 U.S.C. § 15.3 (1995)(certification by designee). When, as here, the suit was originally filed in state court, the Attorney General, upon certification, removes the action to federal court. 28 U.S.C. §2679(d)(2). The Attorney General substitutes the United States as the defendant in the suit and converts the suit into an action against the United States under the Federal Tort Claims Act. Id.

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the

---

[2]The Westfall Act refers to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (2000).

United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident-accompanied by a sum certain claim monetary damages-to the federal agency responsible for the activities giving rise to the claim. <u>See</u> 28 C.F.R. § 14.2 (a) and (b0(1). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within six months of the mailing of the denial. 28 C.F.R. § 14.9. An administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a).

In this case, the plaintiff filed an administrative claim on June 13, 2008 with the Department of Justice ("DOJ"), concerning the actions of Feltz on June 12, 2008. (Doc. 6-2, p. 5). On July 16, 2008, the DOJ sent the plaintiff a letter indicating that, because the alleged tort involved the Federal Bureau of Prisons ("BOP"), the claim had been forwarded to that agency. The plaintiff's state complaint was filed on August 11, 2008. At that time, the plaintiff's administrative claim had not been denied by the BOP, nor had the six-month period which would implicate the statutory presumption of denial passed. (Doc . 6-2, p.1). Therefore, the respondent argues that this matter must

be dismissed.

The plaintiff contests the defendant's motion to dismiss, arguing that assault and battery claims are exempted under the FTCA. The plaintiff also alleges that the notice of substitution of the United States was fraudulent pursuant to 28 U.S.C. § 2680(h).

The plaintiff is correct that the FTCA generally exempts the United States for liability for any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. However, that exemption does not apply with regards to acts or omissions of investigative or law enforcement officers of the United States Government.28 U.S.C. § 2680(h). The terms "'investigative or law enforcement officer' means any officer who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id. Although the plaintiff maintains that Feltz does not meet this definition of law enforcement officer, he is incorrect. The Supreme Court has held that a victim of unlawful conduct, at the hands of BOP officials, would have a cause of action against the United States under 28 U.S.C. § 2680(h). See Carlson v. Green, 446 U.S. 14 (1980). Thus, as defined in § 2680(h), a BOP official is a federal law enforcement officer. Therefore, the plaintiff's claim for assault and battery against Feltz is not barred under the FTCA.       Furthermore, even if there was not a remedy under the FTCA, this case would not be shielded from properly being removed to federal court. "In statements made at the beginning of the Westfall Act, Congress decried the 'erosion of immunity of Federal employees from common law tort liability,' and stated that it wished 'to protect Federal employees from personal liability for common law torts committed within the scope of their employment.' Pub.:. No. 100-694, § 2(b). To protect employee immunity, Congress not only broadened the old Driver's Act provision for removing to a Federal Court upon scope

certification of the Attorney General, but provided that certification 'shall conclusively establish scope of office or employment for purposes of removal.' 28 U.S.C. § 2679(d)(2). Moreover, Congress also eliminated the Driver's Act provision that a case which is removed to federal court 'shall be remanded to state court' upon a determination by the federal court before trial on the merits 'that the case...is one in which a remedy by suit [under the FTCA] is not available against the United States.' 28 U.S.C. § 2679(d), pre-amendment version." Nascuti v. Scannell, 906 F.2d 802, 810-11 (1st Cir. 1990).

For the foregoing reasons, removal of the case to this Court was proper, and the same should be dismissed for the plaintiff's failure to exhaust his administrative tort remedies prior to filing suit in state court.

### III. Motion for Preliminary Injunction

On November 18, 2008, the plaintiff filed a Motion for a Preliminary Injunction seeking an order from this Court restraining FCI Gilmer staff members and any "unknowns" to stop any and all retaliation and harassment against him. In support of his motion, the plaintiff alleges that on or about November 10, 2008, he was presented an incident report that he maintains was in retaliation for his suit against Feltz. The plaintiff further alleges that staff maliciously trashed his cell and targeted only his legal paperwork.

The standard for preliminary injunctions in the Fourth Circuit is established by Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* seeking relief in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed her complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943

---

[3] Id.

(D.Md. 1997).

Here, it is patently clear that the plaintiff could not have exhausted his administrative remedies prior to seeking injunctive relief. The incidents giving rise to the request occurred on November 10, 2008 and November 13, 2008. The motion for injunctive relief was received by this Court on November 18, 2008. Even if the plaintiff filed his BP-9s on the days that the incidents occurred, and the warden had responded the same day as the remedy was filed[4], he could not have filed his BP-10, let alone his BP-11 before filing the motion with this court a mere eight days after the first alleged incident occurred. Accordingly, it is clear that the plaintiff could not have exhausted his administrative remedies. Therefore there is no likelihood that he can succeed on the merits, and a preliminary injunction cannot issue.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: the defendant's Motion to Dismiss (Doc. 5) be **GRANTED**; the plaintiff's Motion to Dismiss pursuant to Rule 60(b) (Doc.15) be **DENIED**; the plaintiff's Ex Parte Motion to Dismiss (Doc. 19) be **DENIED**; the plaintiff's Motion for a Preliminary Injunction (Doc. 16) be **DENIED**, and this case be **DISMISSED WITHOUT PREJUDICE**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal

---

[4]The warden has twenty calendar days in which to respond to a properly filed BP-9.

from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 11, 2009

　/s/ James E. Seibert　　　　　　
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE